

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-3993
Re: Does the term "dairies" as
used in Art. 1578a, Penal
Code, include those dairies
which only process and de-
liver milk and milk products?

In your letter of September 18, 1941, addressed
to Honorable Gerald C. Mann, Attorney General, you request
an opinion on the above question.

Articles 1573 to and including Article 1578a, V. A.
P. C., as amended, Acts 1929, 41st Leg., p. 391, Ch. 180,
contain the "Child Labor Law" of Texas by which the employ-
ment and hours of employment of child labor in Texas are
regulated. Article 1573 of the Penal Code expressly pro-
hibits the employment, for certain labor - factory, mill,
workshop, laundry or messenger service, of a child under 15
years of age in cities of more than 15,000 in population and
levies a heavy fine for violation of such law. Article 1574
expressly prohibits the employment, for certain work - mine,
quarry or place where explosives are used, of a child under
17 years of age, and imposes a heavy penalty for violation of
said statute. Article 1576 limits and regulates the working
hours of a child under the age of 15 who is not engaged in
farm labor.

Article 1578a, as amended, is the last Article in
Chapter 4 of Title 18, Revised Penal Code of 1925, and reads
as follows:

"Provided that nothing in this Act (this chap-
ter) shall be construed as prohibiting the employment
by any person of nurses, maids, yard-servants, or
others for private homes and families, regardless of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John D. Reed, Commissioner - Page 2

their ages, nor applying to those engaged in agricultural pursuits. Nothing in this Act (this chapter) shall apply to the employment of children for farm labor, or to hours which children may work on farms, nor shall anything in this Act (this chapter) be construed as affecting the employment of children on farms, ranches, dairies, or other agricultural or stock-raising pursuits, nor shall any person be guilty under this Act (this chapter) where the child employed is permitted to work under the provisions of this Act (this chapter). (Underscoring ours)

It is thus made apparent that the Legislature has seen fit to regulate only the employment and working hours of children of certain ages who are engaged in the enumerated types of labor or in the designated places; and excepts from the operation of this "Child Labor Law" of Texas, children employed by or on "dairies."

A proper definition of the term "dairy" and a further search for the underlying purpose of the above penal statutes are necessary to determine whether the Legislature in using the term "dairies" when and as it did meant to restrict its meaning to exclude therefrom those so-called dairies which only process and deliver milk and milk products.

In Words and Phrases, Permanent Edition, Vol. 11, p. 8, the following definition is found:

"A 'dairy' is an establishment for the sale or distribution of milk or milk products." State v. McCosh, 279 N. W. 775, 777.

"Where contract for employment of twelve year old boy at dairy was not illegal under Child Labor Law, Vernon's Ann. P. C. 1925, Art. 1573, act of employer in violating provisions of Article 1576 by requiring boy to work between hours of 10 p. m. and 5 a. m. held not to bar recovery of compensation for his death under Workmen's Compensation Law, Vernon's Ann. Civ. St. Arts. 8306-8309, especially since 'dairy' is defined as department of farming concerned

with production of milk, butter, and cheese, and
provisions as to hours of work do not apply to
employment of children for farm labor. Associated
Indemnity Corporation v. Wilson, Tex., 21 S. W.
(2d) 314, 317."

In 17 Corpus Juris, p. 696, the term "dairy" is
described as: "Any farm, farmhouse, cowshed, milk store,
milk shop, or other place from which milk is supplied, or
in which milk is kept for purposes of sale. The term
"dairyman" includes cow keeper, purveyor of milk, or keeper
of a dairy."

The above citations certainly do not show a pop-
ular or legal distinction ever having been made concerning
an establishment producing and delivering its milk, etc.,
and one limiting its activities to the processing and de-
livery of milk, etc. Assuming for the moment that the word
"dairy" has two significations, the guiding rule in the con-
struction of ambiguous terms used in statutes would require
giving the word that meaning which is generally given to it
in the community. But if this construction would contrevene
the intention of the Legislature, effect must be given to the
intention. Sutherland on Statutory Construction, | 249, 249.

Furthermore, the Legislature has made no attempt
to qualify or limit the meaning of "dairies" as used in
Article 1578a, unless the general words, "or other agricul-
tural * * * pursuits" which follow can be said to qualify
said term to mean only those dairies substantially connected
with the business of producing their own milk from their own
cows in their own cow sheds. We submit that such an inter-
pretation would be a strained and improbable one in the light
of the above definitions and in view of Webster's New Inter-
national Dictionary which defines "dairy" among other things:

"The place, room, or house where milk is kept
and converted into butter and cheese; the department
of farming or of a farm that is concerned with the
production of milk, butter and cheese."

We are of the opinion that a dairy may be a dairy within the

meaning of Article 1578a irrespective of the ownership of the cows on which it depends for its existence.

Regulation of the employment of children in purely "processing" dairy plants as distinguished from "production" dairy plants must be found, if any, within other sections of the Child Labor Laws; specifically, Article 1573, as amended, which regulates the employment of children in "factory, mill or work shop."

In People v. R. F. Stevens Co., 165 N. Y. S. 39, 178 App. Div. 506, where a New York labor law provided that no employer shall operate a factory on Sunday, unless he shall post a schedule of the employees required so to work, etc. * * * Defendant operated an establishment for pasteurizing and bottling milk, and required employees to work in the pasteurizing department on Sunday without posting the schedule. It was held that a "factory" is a structure where something is made or manufactured, and as pasteurizing and bottling milk is not "manufacturing," the defendant's place of business was not a "factory" within Section 6a of said Act. Additional cases defining "workshop" and "mill" could be enumerated which would accord with the above result.

Furthermore, the exemption of "the employment of children on farms, ranches, dairies, or other agricultural or stock-raising pursuits," now contained in Article 1578a, was lifted bodily from Article 1573, as it stood before the amendment of 1929. In our opinion this further indicates that the Legislature by its failure to place and include existing large dairy establishments within the purview of Article 1573 intended no similar regulation as to them.

In Associated Indemnity Corporation v. Wilson, 21 S. W. (2d) 314, a case decided in 1929, under the terms of Article 1573, before amended, which contained the identical "dairy" clause now found in Article 1578a, the Court of Civil Appeals held that the employer, (Metzger Bros. Dairy of Dallas), of a 12 year old boy killed while delivering milk was operating a "dairy" within the terms of Child Labor Law and that such employment was not in violation of Article 1573, Penal Code. Under the fact situation of that case Metzger Brothers' Dairy was shown to have been almost entirely a milk processing establishment. We quote from the opinion

in that case:

"The means of converting milk from its
original state as obtained from the cow into
butter, cheese, cottage cheese, buttermilk,
and the separation of the cream from the milk,
are to be presumed to have been in the mind of
the lawmaking power, and reckoned with in passing
the Child Labor Law, being chapter 4, comprising
articles 1573-1575a, inclusive, Rev. Crim. Statutes
1925, and likewise, the character of machinery
used to accomplish the changing of the form of
milk into by-products, and the character and use
of machinery and equipment as employed by Metzger
Bros. for the purpose of converting milk into such
by-products, separating cream from the milk, sterili-
zation of bottles, pasteurization of milk, bot-
tling of milk for the general trade, as part of the
equipment of a dairy, and that one so engaged in
the changing of the form of milk was considered to
be engaged in the dairy business, and was not re-
garded as being in the "factory business," as that
term is commonly understood, namely, "a building
or collection of buildings with its equipment or
plant appropriate to the manufacture of goods; the
place where workmen are employed in fabricating goods,
wares and utensils." Webster's New International
Dictionary. This is in accord with the well-recog-
nized rule that, "The Legislature is presumed to
act with a full knowledge of all facts upon which the
legislation is passed, or to which it can be applied."
Erskine v. Nelson County, 4 N.D. 66, 58 N. W. 348, 27
L. R. A. 696; Chesapeake & P. Tel. Co. v. Manning,
186 U. S. 238, 22 S. Ct. 881, 46 L. Ed. 1144.

"We therefore hold that within the meaning of
the term 'dairies,' as used in said Article 1573,
Metzger Bros. was, at the time said Ernest Wilson
received his injuries, engaged in the dairy business,
and that said minor was employed to work at a dairy."

This is broad language, and in our opinion, indicates
that the court's holding would have been the same, even if
Metzger Brothers' business had been confined exclusively to
the processing and sale of milk produced by others.

Additional authorities are inserted hereunder in support of our conclusion that the Legislature did not intend to restrict the meaning of the word "dairies" as used in Article 1578a. Waterman Lumber Co. v. Beatty, 110 Tex. 225; Bridgeport Brick & Tile Co. v. Irwin, 241 S. W. 247; 16 R. C. L., Labor, | 54.

It is therefore the opinion of this department that the term "dairies" as used in Article 1578a, Penal Code, includes those dairies which only process and deliver milk and milk products.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 24, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By Chester C. Ollison
Chester C. Ollison

COO:WTB



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN